UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDUARDO UBRI, on behalf of himself and all others similarly-situated,

Plaintiff,

-against-

MAJESTIC ASSOCIATES LLC, and JOSHUA BALSAM, individually,

Defendants.

**COMPLAINT**

**Civil Action No.:**

Jury Trial Demanded

EDUARDO UBRI ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against MAJESTIC ASSOCIATES LLC ("Majestic"), and JOSHUA BALSAM, individually (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL § 652(1), NYCRR tit. 12, § 142-2.1; (iv) (iii) the NYLL's requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate

information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice upon hire containing specific categories of accurate information; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants as a porter/maintenance worker at Defendants' building services/management business from approximately November 2017 to August 2022. As described below, throughout the entirety of Plaintiff's employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants required Plaintiff to work more than forty hours per workweek, but intentionally failed to compensate him at the statutorily required overtime rate of one and one-half times her regular rate of pay for each hour that he worked per week in excess of forty.

3. Defendants also violated the NYLL by: (1) failing to pay Plaintiff the statutory minimum wage for all hours worked; (2) failing to pay Plaintiff on a weekly basis; (2) failing to provide Plaintiff with accurate wage statements on each payday; and (3) failing to provide Plaintiff with an accurate notice and acknowledgment of pay at the time of hire.

4. Defendants' failure to pay overtime in violation of the FLSA and NYLL was not limited to Plaintiff, but also extended to all of Defendants' porters/maintenance workers.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff additionally brings his claims under the NYLL on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Majestic was and is a New York corporation with its principal place of business located at 900 Lydig Avenue, Bronx, New York 10462.

10. At all relevant times herein, Defendant Balsam was and is the owner and president of Majestic. In this role, Defendant Balsam supervised Majestic's employees and possessed authority to hire and fire Majestic's employees. Defendant Balsam was also responsible for paying the Plaintiff his wages. Defendant Balsam additionally was responsible for hiring Plaintiff.

11. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendants' annual business revenue exceeded and exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees and buy equipment and supplies for their buildings services/management company in the course of their business, which originate in states

other than New York, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former porters/maintenance workers who during the applicable FLSA limitations period, performed any work for Defendants and who consent to file a claim to recover damages for minimum wage and overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty (40) hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty (40).

14. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay or the minimum wage rate, for all hours worked each workweek above forty (40), yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty (40), in violation of the FLSA.

**BACKGROUND FACTS**

16. Defendants operate a building services/management business that performs management services for residential buildings, with its principal place of business in Bronx, New York.

17. In November 2017, Defendant Balsam hired Plaintiff to work at Majestic as a porter/maintenance worker to perform work that mainly consisted of mopping, trash removal, and cleaning. Plaintiff performed these duties for the duration of his employment.

18. Throughout his employment with Defendants, Defendants required Plaintiff to routinely work five days per week according to the following schedule:

Sunday: 8:00 a.m. to 9:00 p.m.;

Monday, Wednesday, and Thursday: 6:00 a.m. to 10:00 a.m. and 4:00 p.m. to 8:00 p.m.;

Saturday: 6:00 a.m. to 3:00 p.m.

Defendants provided him with a one-hour lunch break on Sundays and a thirty-minute lunch break on Saturdays.

19. Thus, by approximation, Defendants required Plaintiff to work, and Plaintiff did work, approximately forty-four and one-half (44.5) hours per week.

20. For his work, Defendants paid Plaintiff $11.00 per hour for each hour that Plaintiff worked, including those beyond forty in a workweek. As a result, Defendants failed to pay Plaintiff one and one-half times his hourly rate for the twenty-six hours that Plaintiff worked over forty each week.

21. For the duration of Plaintiff's employment, Defendants additionally failed to pay Plaintiff the minimum wage under the NYLL, which was $11.00 per hour until December 30, 2017, $13.00 per hour until December 30, 2018, and $15.00 per hour on and after December 31, 2019.

22. Defendants also failed to pay Plaintiff, who performed manual labor during all hours that he performed work for Defendants, on a weekly basis for all of his wages earned.

23. By way of example only, during the workweeks of June 28, 2021, through August 1, 2021, Defendants required Plaintiff to work, and Plaintiff did work, six days, according to the schedule described above. Additionally, Plaintiff worked this same schedule during the workweek of August 2, 2021, through August 8, 2021. For his work that week, Defendants paid Plaintiff on August 19, 2021, at a rate of $11.00 per hour for the 177 hours that Defendants stated that he worked. Therefore, Defendants failed to pay Plaintiff minimum wage for all hours, and additionally failed to pay Plaintiff one and one-half times minimum wage for the hours that Plaintiff worked over forty each workweek. Defendants also failed to pay Plaintiff within seven days for each of weeks he performed work from June 28 to August 1, 2021, finally paying him for this work on August 19, 2021.

24. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his overtime hours worked and his overtime rate of pay.

25. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's overtime rate of pay as designated by the employer.

26. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

27. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

28. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

29. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the minimum wage rate for all hours worked exceeding forty (40) in a workweek.

31. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

32. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty (40) hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

33. Defendants willfully violated the FLSA.

34. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay or the minimum wage rate, whichever is greater.

35. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**<u>SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS</u>**

*<u>Unpaid Overtime Under the NYLL and the NYCRR</u>*

36. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty (40) in a workweek.

38. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

39. As also described above, Plaintiff, and any FLSA Plaintiff who opts into this action, worked in excess of forty (40) hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

40. Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay.

41. Plaintiff, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

42. Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

44. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

45. As also described above, Defendants failed to compensate Plaintiffs, and any FLSA Plaintiff who opts into this action, at the minimum hourly rate of pay for all hours worked in accordance with the NYLL's and the NYCRR's minimum wage provisions.

46. At the least, Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to pay at the minimum wage rate for all hours worked each week.

47. Plaintiff, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Timely Wages in Violation of the NYLL*

48. Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 191(1)(a) requires employers to pay "manual workers" all wages owed on at least as frequently as a weekly basis.

50. As described above, Plaintiff, and any FLSA Plaintiff who opts into this action, performed manual work for Defendants under the NYLL.

51. As also described above, Defendants failed to compensate Plaintiff, and any FLSA Plaintiff who opts into this action, with all wages owed on at least as frequently as a weekly basis.

52. As a result, Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

53. Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

55. As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

56. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

57. Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

59. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff who opts into this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

60. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

**DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

    c.      An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

    d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    e.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

    f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

    g.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service award to Plaintiff;

    h.      Designation of Plaintiff and Plaintiff's counsel as collective action representatives under the FLSA;

    i.      Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
September 8, 2023

Respectfully submitted,

STEVENSON MARINO LLP
*Attorneys for Plaintiff*
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
Tel. (212) 939-7229

By: ______________________________
JEFFREY R. MAGUIRE