```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
EDUARDO UBRI, on behalf of himself and all                  :
others similarly situated,                                  :
                                                            :
                              Plaintiff,                    :   23-CV-7954 (VSB)
                                                            :
                    -against-                               :   OPINION & ORDER
                                                            :
MAJESTIC ASSOCIATES LLC; JOSHUA                             :
BALSAM, individually; MAJESTIC PROPERTY                     :
MANAGEMENT ASSOCIATES, LLC; 3871                            :
VILLAGE COURT ASSOCIATES, LLC;                              :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Jeffrey Robert Maguire
Stevenson Marino LLP
White Plains, NY
*Counsel for Plaintiff*

Steven A. Weg
Koffsky Schwalb LLC
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On August 5, 2024, the parties filed a joint letter motion seeking approval of the settlement agreement reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 56; *see also* Doc. 56-1 (the "Settlement")). Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because the

parties have failed to provide me with sufficient information to determine whether their Settlement is "fair and reasonable," the parties' request for approval is DENIED without prejudice.

### I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* "A reasonable hourly rate is a rate 'in line with ... prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Discussion

Under the Settlement, Plaintiff is to receive $40,000, inclusive of attorneys' fees and expenses. (Doc. 56-1 at 2.) The parties assert that the maximum recovery for Plaintiff's unpaid-overtime claims is "$6,632.36 in actual damages plus an equal amount in liquidated damages, totaling $13,264.71." (Doc. 56 at 3.) Relying on these figures, the parties argue that the agreed-upon settlement amount of $40,000 represents "300% of Plaintiff's maximum recovery . . . even including liquidated damages." (*Id.*) This damages calculation, however, is limited to Plaintiff's unpaid-overtime claims and therefore understates Plaintiff's total alleged damages and best-case return at trial. Indeed, the parties do not even attempt to calculate Plaintiff's possible recovery on any of the other claims in the Amended Complaint, including unpaid minimum wages (Claim III), failure to pay timely wages (Claim IV), violation of split-shift requirement (Claim V), failure to furnish proper wage statements (Claim VI), and failure to furnish proper wage notice (Claim VII). (Doc. 13.) Because parties seeking approval of a FLSA settlement must provide the court with a calculation that addresses "all possible sources of a plaintiff's potential damages," I have consistently rejected settlement agreements where the calculation was incomplete. *See, e.g.*, *Miranda v. Grace Farms, Inc.*, No. 16-CV-1369, 2022 WL 1771720, at *4 (S.D.N.Y. May 31, 2022) (rejecting FLSA settlement agreement where the parties failed to account for "liquidated damages, as well as for the other sources of damages pleaded in the operative complaint"). It may be that $40,000 is a fair and reasonable settlement amount after all the claims for damages are considered. But without a complete and accurate assessment by the parties as to Plaintiff's best-

case return at trial, I cannot approve of the settlement.[1]  *See, e.g.*, *Fishwick v. RMJM, Inc.*, No. 14-CV-904, 2015 WL 13649463, at *3 (S.D.N.Y. June 12, 2015) (rejecting settlement agreement where the court lacked sufficient information to "discharge its duty to determine whether the settlement amount is fair and reasonable").

### III.     Conclusion

For the reasons stated above, the parties' request for approval is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised settlement agreement within twenty-one (21) days of the date of this Opinion & Order along with a new letter that explains why the revised settlement is fair and reasonable and addresses the other issues identified in this Opinion & Order; or

2. Filing a joint letter within twenty-one (21) days of the date of this Opinion & Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:     September 19, 2024
           New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge

---

[1] To the extent the parties believe that the above-referenced claims in the Amended Complaint should not be considered as part of Plaintiff's best-case return at trial, they should explain their reasoning, and cite any supporting cases, in a subsequent filing.